McHugh, J.
This was once a simple case. It now has become a battle over what all vigorously contend are deep and enduring principles.
In the beginning, plaintiff, Richard J. Curry (“Curry”), sued defendant, Georgios Orfanidis (“Or-fanidis”), to recover for personal injuries Curry claimed to have suffered when the car Orfanidis allegedly was driving struck the bicycle on which Curry allegedly was riding. Apparently, the injuries Curry received in the accident were substantial and he lost a substantial amount of time from his work. Under circumstances that are now contested, his employer, the City of Waltham (“the City”), paid him compensation for each of the days he missed work.
At some point, the City became aware of this action and filed a successful motion to intervene to assert what it claimed were its subrogation rights with respect to any recovery Curry obtained in his action against Orfanidis. Upon learning of the City’s intervention and the claim the City had filed, Local 866 of the International Association of Fire Fighters (“the Union”), the union to which Curry belongs, filed a successful motion to intervene to assert its claim that the City’s claim violated the collective bargaining agreement between the Union and the City. Now, all sides have moved for summary judgment, filing along the way motions to strike each other’s pleadings, papers and motions. To a certain extent, the summary-judgment motions should be granted and, to a certain extent, they should be denied.
First of all, there is no genuine issue of material fact with respect to that City’s claimed right to equitable subrogation. It has no such right. It is undisputed that the City continued to pay Curry his wages during the period he was unable to work because of the injuries he allegedly suffered in the accident. The doctrine of equitable subrogation, however, is founded on the principle that when an indemnitor has paid an indem-nitee for a loss covered by an indemnity contract, anything that reduces the loss, such as a recovery from a responsible third party, belongs to the indem-nitor. See generally Travelers Insurance Company v. Graye, 358 Mass. 238, 240-41 (1970). Under the circumstances this record reveals, the City is neither an insurer, see Ulwick v. Massachusetts Insurer’s Insolvency Fund, 418 Mass. 486, 488-90 (1994), nor any other commonly-recognized type of “indemnitor” and the pay-continuation arrangement between Curry and the City is not an indemnity contract. The doctrine of equitable subrogation is therefore unavailable to the City.
Second, there is a genuine issue of material fact regarding whether the City and Curry entered a contract under which Curry agreed to repay the City. The Union contract, while providing that all fire fighters are entitled to unlimited sick leave, Contract, ¶8.4, does not require that individuals be paid while on sick leave. As a consequence, therefore, any money that Curry received was necessarily the product of some individualized arrangement between himself, or his .representatives, and the City. The content of those negotiations and the agreement reached as a result *153 will determine the extent, if any, to which the City has any subrogation rights.
Third, the Union has no viable claim to assert in this action.[1] The Union rightly claims that the Union contract contains no provisions for repayment of sums the City pays employees when they are on sick leave.[2] The union continues by asserting that the circumstances under which employees should be required to repay the City amounts the City has paid them is a mandatory subject of bargaining. Consequently, the Union concludes, the City and Curry had no right to negotiate a repayment contract on their own and, if they did so, the contract is void because it is the product of an unfair labor practice.
The Union, however, cites no authority for the proposition that any such agreement would necessarily be void. Moreover, if the contract were void, it would appear to be void in its entirety, a circumstance that might well oblige Curry to repay the City all of the money the City paid him whether or not he received from a third party enough money to do so. Finally, and perhaps most important, the question whether the agreement between Curry and the City, if there was such agreement, was a mandatory subject of bargaining, whether it was unfair labor practice for Curry and the City to conduct negotiations with respect to the contract the appropriate remedy if the City committed an unfair labor practice are matters the Labor Relations Board, not the court, should resolve in the first instance. E.g., Burke v. French Equip. Rental, Inc., 687 F.2d 307, 310 (9th Cir. 1982); Lewis v. Splashdam By-Products Corp., 233 F.Sup. 47, 50-51 (W.D. Va. 1964). See generally G.L.c. 150E, §11.
ORDER
In light of the foregoing, it is hereby ORDERED that
1. The City’s Motion for Summary Judgment (Paper No. 15) dismissing the claim if Local 866, International Association of Fire Fighters is ALLOWED and the cross-motion of Local 866 (Paper No. 16) is DENIED.
2. Plaintiffs Motion for Summary Judgment (Paper No. 10) against the City is DENIED as is the City’s cross-motion (Unnumbered Paper). There is a genuine issue of material fact regarding the terms of the agreement under which Plaintiff received pay from the City while he was on sick leave.

The “standing” issue on which the parties have spent a great deal of time is not, in the last analysis, dispositive. Indeed, that issue was perhaps resolved in the Union’s favor by allowance of its motion to intervene. Whether or not the Union has “standing” to assert a claim in this action, the claim it has in fact asserted does not entitle it to relief.

How much weight one should place on that silence, however, is open to question. The contract likewise says nothing about the circumstances under which fire fighters have an obligation to repay the City when their pay is continued as a result of on-the-job injuries. Indeed, the contract says nothing about payment of wages when firefighters are incapacitated as a consequence of such injuries. Nevertheless, under G.L.c. 41, §11 IF, the City’s obligation to pay and City’s right to subrogation are clear. Omission of any repayment provisions may well reflect the parties’ desire to leave the entire subject of repayment for resolution in some fashion the contract does not describe.